**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50024 |
| Plaintiff - Appellee, | D.C. No. 3:12-cr-02926-LAB |
| v. | |
| FERMIN RODRIGUEZ, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Fermin Rodriguez appeals from the district court's judgment and challenges the 75-month sentence imposed following his guilty-plea conviction for importation of methamphetamine, in violation of 21 U.S.C. §§ 952 and 960. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Rodriguez contends that the district court erred by applying an incorrect standard and by relying on improper factors when it denied his request for a minor role adjustment under U.S.S.G. 3B1.2(b). We review de novo the district court's interpretation of the Guidelines and for clear error its factual determination that a defendant is not a minor participant. *See United States v. Rodriguez-Castro*, 641 F.3d 1189, 1192 (9th Cir. 2011). Contrary to Rodriguez's contention, the court properly considered the totality of the circumstances in making its determination, including his relative culpability and knowledge or understanding of the enterprise, and applied the correct standard of proof. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *United States v. Zakharov*, 468 F.3d 1171, 1181 (9th Cir. 2006). Further, because Rodriguez failed to demonstrate that he was substantially less culpable than the average participant, the district court did not clearly err by denying the adjustment. *See* U.S.S.G. § 3B1.2 cmt. n.3(A); *Rodriguez-Castro*, 641 F.3d at 1192-93.

Rodriguez next contends that the district court procedurally erred by failing to recognize its discretion to vary downward from the Guidelines range based upon policy grounds under *Kimbrough v. United States*, 552 U.S. 85 (2007). The district court did not err because the record reflects that the district court considered Rodriguez's *Kimbrough* argument and appreciated its discretion to deviate from

the Guidelines.  *See United States v. Ayala-Nicanor*, 659 F.3d 744, 752-53 (9th Cir. 2011).

Finally, Rodriguez contends that his sentence is substantively unreasonable. The district court did not abuse its discretion in imposing Rodriguez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007).  The 75-month sentence, 33 months below the bottom of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including the quantity of drugs involved.  *See id.*

**AFFIRMED.**